UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| CHAMBERS OF | 101 WEST LOMBARD STREET |
|---|---|
| J. FREDERICK MOTZ | BALTIMORE, MARYLAND 21201 |
| UNITED STATES DISTRICT JUDGE | (410) 962-0782 |
| | (410) 962-2698 FAX |

November 9, 2007

MEMO TO COUNSEL RE: *Miriam Grice v. Baltimore County, Maryland, et al.*
Civil No. JFM-07-1701

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendants' motion to dismiss. The motion is granted in part and denied in part.

### *Count I*

The law is well established that a public employee who alleges that she has been subjected to gender discrimination has a claim under 42 U.S.C. Section 1983 as well as under Title VII. *See e.g., Beardsley v. Webb,* 30 F.3d 524 (4th Cir. 1994). Accordingly, defendants' motion to dismiss Count I is denied.

Plaintiff has not, however, cited any authority for the proposition that she has a federal constitutional claim for retaliation for having reported an alleged personal relationship between two other persons in the workplace. Absent contrary authority being brought to my attention, in my judgment no such federal constitutional claim exists, at least where no allegation is made that one of the parties to the personal relationship did not abuse a position of power in the workplace in forming the relationship. Therefore, during the course of discovery, plaintiff will not be permitted conduct any discovery concerning the alleged relationship between the two named individual defendants.

### *Count II*

Plaintiff concedes that she has not exhausted her administrative remedies as to her Title VII claim. Instead, she contends that she may not have to exhaust her administrative remedies because she is only seeking equitable relief. To the extent that "an equitable exception" exists to Title VII's exhaustion requirement, it applies only where a plaintiff is seeking to maintain or restore the *status quo ante*, such as permission to stay in or return to her job by way of a preliminary injunction. *See e.g., Holt v. Cont'l Group, Inc.,* 708 F.2d 87 (2d Cir. 1983); *Sheehan v. Purolator Courier Corp.,* 676 F.2d 87 (2d Cir. 1982). *But see Fields v. Vill. of Skokie,* 502 F.Supp 456, 459 (N.D. Ill. 1980) ("Title VII's jurisdictional conditions apply 'across the board'. . . Nothing in the statue. . .suggests that a mere prayer for injunctive relief should allow a

plaintiff to circumvent the administrative procedure required by the facially absolute language of Title VII."). Moreover, if the exception exists, it applies only in cases where the plaintiff can demonstrate a high probability of success on the merits and a threat of irreparable harm. Plaintiff has not done so here.

For these reasons, defendants' motion to dismiss Count II is granted.

### *Count III*

As a general proposition, a party to a contract is not liable for interference with that contract. *See Pope v. Bd. of Sch. Comm'r of Balt. City,* 665 A.2d 713, 719 (Md. 1995). However, a plaintiff may be able to assert a claim for tortious interference of contract against an employee of the person with whom the plaintiff had a contract if the employee acted "maliciously for his own motives and beyond the scope of his authority without the intent to further the interests of his employer." *Id.* at 591-92.

Thus, it is possible that in Count III plaintiff has stated a viable claim for tortious interference of contract against the individual defendants. However, this presents a close question of Maryland law that I consider imprudent to decide at the present time. Accordingly, I will defer ruling on the individual defendants' motion to dismiss Count III. If, after discovery has been completed and summary judgment motions have been filed, I decide that plaintiff does not have any viable federal claim against defendants, I will dismiss Count III. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). In that event, plaintiff may then choose to refile her claim for tortious interference of contract against the individual defendants in the Circuit Court for Baltimore County Maryland.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge